JOHN T. MASON, Respondent, v. AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, N. Y., Appellant.

St. Louis Court of Appeals, Argued and Submitted June 7, 1910. Opinion Filed June 14, 1910.

1. INSURANCE: Attempt to Adjust Insurance: Admission of Statements Made at Meeting: Privileged Statement. In an action on a fire insurance policy, it was not error to admit evidence as to what took place between the representatives of insurer and insured at a meeting, brought about for the purpose of agreeing on the amount of the loss, leaving the question of defendant's liability open, and not for the purpose of compromising the claim, in the sense of attempting to adjust it without suit or in an attempt to avoid suit.

2. ————: Waiver of Arbitration: Instructions. In an action on a fire insurance policy, where it was shown that, pursuant to the provisions of the policy, insurer and insured appointed arbitrators to make an award, and insured afterwards withdrew his arbitrator, and at a meeting subsequently held between representatives of insurer and insured to agree about the amount of the loss, leaving the question of insurer's liability open, insurer's representative stated it was useless to attempt arbitration, an instruction given for defendant, to the effect that if the jury found that after the loss complained of by plaintiff, the representatives of plaintiff and defendant endeavored to make an adjustment of damage claimed to have been sustained, but were unable to agree, then, by the terms of the policy sued on, before plaintiff could maintain a suit, he should have made a reasonable effort to have the amount of such damage ascertained by appraisers, and that if the jury, found there was such disagreement as to the amount of such damage, then plaintiff was not entitled to recover, if he had not made a reasonable effort to have such damage ascertained by appraisers before filing suit, unless the jury further found from the evidence that defendant waived such appraisal as explained in other instructions, fairly submitted the defense based upon the failure to arbitrate.

Appeal from Lincoln Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

150 App.—2.

·AFFIRMED.

*Fyke & Snider* for appellant.

(1)   The parties disagreed as to the amount of the loss sustained and thereupon the appraisal clause of the contract became operative, and was so recognized by the parties in their appointment of appraisers, and thereafter under the pleadings until there had been an appraisal of the amount of the loss the claim had not matured.   Stevens v. Ins. Co., 120 Mo. App. 88; Zalesky v. Ins. Co., 108 Iowa 341, 79 N. W. 69; Williamson v. Ins. Co., 122 Fed. 59; Gasser v. Sun F. Office, 42 Minn. 315, 44 N. W. 252; Staut v. Phoenix, 56 Atl. 691 N. J. Eq. 566; Graham v. Ins. Co., 34 Ins. L. J. 193, 79 N. E. 398 (Ohio); Gragg v. Ins. Co., 132 Mo. App. 405.   (2) An appraisal having become necessary, and agreed upon, the appraisal should have been completed.   Assured had no right to withdraw therefrom.   Westenhaver v. Ins. Co., 84 N. W. 717; Ins. & Trust Co. v. Maitlen, 63 N. E. 755.   (3)   The meeting arranged for between Barnum, representing defendant, and Howell, representing plaintiff, was understood by both parties to be for the purpose of compromising differences, if possible, and that thereby no rights would be waived. Evidence of what was done and said, acting under that agreement, and while endeavoring to effect a compromise, should have been excluded.   Cullen v. Ins. Co., 126 Mo. App. 422.

*Frank Howell, W. A. Dudley* and *F. R. Jesse* for respondent.

(1)   Both parties having agreed that an appraisal by arbitrators was impossible before the suit was filed, arbitration was waived as a matter of law, the evidence being in writing and undisputed.   (2)   The conduct of defendant's adjuster and appraiser warranted a verdict that the appraisal was waived.   Cullen v. Ins. Co., 126

Mo. App. 412; McCullough v. Ins. Co., 113 Mo. 606; Johnson v. Ins. Co., 69 Mo. App. 231; Fowble v. Ins. Co., 106 Mo. App. 527; Ball v. Ins. Co., 129 Mo. App. 34. (3) There was no error in admitting the declaration of Barnum, that arbitration was impossible. That had nothing to do with efforts to compromise. 1 Greenleaf Ev., sec. 192; Yarger v. Brace, 116 Mo. App. 473; Moore v. Gaus & Sons Mfg. Co., 113 Mo. 98; Wright v. Gillespie, 43 Mo. App. 244.

REYNOLDS, P. J.—Adopting the statement of counsel for appellant, "this is an action on a fire insurance policy which covered a tenement dwelling in Mexico, Missouri, belonging to the plaintiff. Within the term of the policy a fire occurred which damaged, but did not destroy the building insured. After the fire notice of the loss was given defendant and its representative endeavored to reach an agreement with the plaintiff concerning the amount of the damage but was unable to do so, and thereafter an offer was made to plaintiff of about forty-five dollars and rejected. Plaintiff claimed that the damage was $542. Being unable to agree upon the amount of the damage, the parties did agree that the question of the amount of damage should be submitted to appraisers as provided by the terms of the policy, and acting thereunder each named an appraiser. These parties experienced some delay in getting together and while they were endeavoring to arrange for a meeting but as yet had not done so, defendant's appraiser was notified by the insured that insured had withdrawn from appraisal and thereafter the party appointed by plaintiff acted no further, and no appraisal was ever had, nor were the efforts to secure an appraisal renewed by the insured. This withdrawal occurred about the middle of April. In May, the matter being still unsettled, defendant wrote plaintiff's attorney that if they could meet in Mexico on a cer-

tain day they would endeavor to make a disposition of the matter, but that in doing so it should be understood no rights would be waived." So far we follow the statement of appellant's counsel of what are practically the undisputed facts. It is claimed and there was evidence introduced on the part of defendant tending to prove that the·purpose of the meeting should be an effort to compromise differences and that what took place at the meeting between the attorney for plaintiff and the representative of the defendant was privileged as being an effort at a compromise. Over the objection of the defendant's counsel plaintiff was permitted to introduce evidence of what took place at this meeting and there was evidence introduced by plaintiff to the effect that the representative of the defendant then and there announced that an effort at arbitration or appraisement was useless, as by reason of the repairs which the plaintiff had made in the building after the fire, it would be impossible to ascertain the extent of the damage. The trial was before a court and jury and among the numerous instructions asked on each side, many of which were given and some refused, was this instruction, in substance, given at the instance of the defendant: That if the jury found that after the loss complained of by plaintiff, the representatives of plaintiff and defendant endeavored to make an adjustment of damage claimed to have been sustained, but were unable to agree upon the amount of actual damage plaintiff had sustained, then the jury are instructed that by the terms of the policy sued on before plaintiff could maintain a suit for the damage claimed of defendant, a reasonable effort should have been made by plaintiff to have the amount of such damage ascertained by appraisers, and if the jury find there was such disagreement as to the amount of such damage, then they are instructed that plaintiff is not entitled to recover in this action unless he has made a reasonable effort to have such damage ascertained by appraisers before filing this suit, unless

you find from the evidence that the defendant waived such appraisal as explained in other instructions. Exceptions were duly saved to the giving and refusal of instructions and at the close of the evidence and after the giving of the instructions, the jury returned a verdict in favor of plaintiff in the sum of $457.29, plaintiff having sued for $542 and interest. After a motion for new trial which was overruled and exception duly saved, defendant has appealed to this court.

The errors here relied on and points urged for a reversal are, that the parties having disagreed as to the amount of the loss sustained, the appraisal clause of the contract became operative and was so recognized by the parties in their appointment of appraisers, and thereafter, under the pleadings, until there had been an appraisal of the amount of loss, the claim had not matured; that an appraisal having become necessary and agreed upon it should have been completed; that the assured had no right to withdraw therefrom and that the meeting arranged for between the representatives of defendant and plaintiff was understood by both parties to be for the purpose of compromising the differences, if possible, and that thereby no rights could be waived, hence evidence of what was done or said under that agreement at that meeting and while endeavoring to effect a compromise, should have been excluded. It should be stated that the policy in this case does not appear in the abstract and we have no way of determining with accuracy the language of the policy or of any of its clauses. It is stated in the abstract that the policy was offered in evidence, "the material parts of which are as follows." But we do not find the material parts or any parts of the policy copied anywhere in the abstract. It does appear from the answer in the case, that the policy contained the usual clause, that if there was a disagreement as to the amount of the loss between the parties, it should be ascertained by two competent and disinterested appraisers, one

selected by each party, the two so chosen to select a competent and disinterested umpire, and the three together should then estimate and appraise the loss and that the award in writing of any two should determine the amount of such loss and that the loss should not become payable until sixty days after the notice, estimate, ascertainment and satisfactory proof of loss herein required should have been received by the company, including an award by appraisers when appraisal had been required. There was a general denial by way of reply filed to this answer, so that we have no legal evidence before us of what was in the policy. Assuming, however, that it was as stated in the answer, we think that the defense made by the defendant was fairly placed before the jury by the instruction given at its request, the substance of which we have set out in the statement. We do not think that the trial court erred in admitting the testimony as to what took place between the representatives of plaintiff and defendant at the meeting at which it is claimed—and there was evidence sustaining the claim—that defendant's agent or representative had, to all intents and purposes, waived the appraisal by appraisers. We do not think that the evidence bears out the claim of the defendant that that meeting was for the purpose of a compromise of matters, in the sense of an attempt to adjust without suit or in an attempt to avoid a suit. On the contrary the letter of the representative of the defendant, which was in evidence and which is the letter which brought about the meeting, bears on its face evidence that the meeting was for the purpose of endeavoring to agree on the amount of the loss but was to be had without in any way waiving any of the rights of the company defendant in the matter to resist the payment of the amount of the appraisal in court. It is expressly stated in the letter the representative of the defendant wrote to the representative of the plaintiff, that the proposition to meet "will not in any respect waive any of our rights

in this matter and the agreement to appraise this loss will still stand. I am as anxious to close this adjustment as you are," writes the agent, "but it must be on an equitable basis." We do not think that this tends to carry out the idea that the meeting was for the purpose of compromising matters in dispute but was intended for the purpose of endeavoring to arrive at an agreement as to the amount of the loss, not by way of compromise, but in an endeavor to ascertain and agree upon what was the actual loss, leaving the question of the liability of the defendant open. The defendant appears to have been denying any liability. Its answer accused plaintiff of fraud and false swearing touching the procurement of the policy. There was no pretense of an effort to compromise the matters at issue between the parties; all they did attempt was to agree on the damage and avoid an appraisement. A meeting under such circumstances was not such a meeting as excluded evidence of what took place at it. As before stated, there was evidence tending to show that at this meeting the representative of the defendant had stated in so many words that it was useless to endeavor to arrive at an appraisement of the amount of the loss by reason of the fact that plaintiff had since the fire repaired the building and had covered up in that way evidences of the loss. The question of whether an appraisement by appraisers selected by the parties under the policy had been waived, was fairly submitted to the jury under the instruction asked by defendant and before referred to, and no instructions given at the instance of the plaintiff were contradictory or in conflict with this. Plaintiff asked for damages in addition to the loss, for a vexatious refusal to pay, but the jury do not appear to have awarded that, although that point was submitted to them under proper instructions. Going through the record as before us in the abstracts furnished by counsel, we see no error calling for a reversal. The judgment of the circuit court is affirmed. All concur.